# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CONDADO 3 CFL, LLC,**

**Plaintiff,**

v.

**CENTRO DE DESARROLLO Y SERVICIOS ESPECIALIZADOS,**

**Defendant.**

**Civil No. 18-1211 (ADC)**

## OPINION AND ORDER

Pending before the Court is defendant Centro de Desarrollo y Servicios Especializados' ("defendant") motion to dismiss for lack of diversity. **ECF No. 16.** Plaintiff Condado 3 CFL, LLC ("plaintiff") filed an opposition. **ECF No. 25**. For the following reasons, defendant's motion to dismiss is **GRANTED**.[1]

### I. Background

On February 17, 2018, plaintiff filed the instant suit against defendant seeking foreclosure and collection of monies. **ECF No. 1**. Defendant filed an answer to the complaint, alleging among

---

[1] Also pending before this Court are plaintiff's motion for summary judgment (**ECF No. 15**) and defendant's motion to dismiss for lack of an indispensable party (**ECF No. 17**). However, insofar as the Court's jurisdiction is a threshold matter, the motion requesting dismissal for lack of jurisdiction is of primary concern. "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Mun. of Guaynabo*, 285 F.3d 142, 150 (1st Cir. 2002). "As a court of limited jurisdiction, this court 'may not presume the existence of subject matter jurisdiction, but, rather, must appraise [its] own authority to hear and determine particular cases.'" *Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*, 91 F. Supp. 3d 267, 277 (D.P.R. 2015) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998)).

various defenses, lack of jurisdiction. **ECF No. 4**. Shortly thereafter, plaintiff filed a motion requesting summary judgment. **ECF No. 5**. In response, defendant moved for jurisdictional discovery arguing that there was a likelihood that diversity was lacking. **ECF No. 6**. After reviewing the parties' various filings regarding this matter, the Court granted the parties a 30-day period to conduct jurisdictional discovery.[2] **ECF No. 12**.

On June 12, 2019, plaintiff filed a second motion for summary judgment. **ECF No. 15**. A few days later, plaintiff filed two motions to dismiss, one for lack of jurisdiction and another for lack of indispensable party. **ECF Nos. 16, 17**. Both parties filed their respective oppositions to the pending motions. **ECF Nos. 24, 25, 29, 30, 37, 40, 41**.

## II. Standard of Review

Since federal courts are courts of limited jurisdiction, we must address jurisdictional matters prior to addressing the merits of a case. *Torres-Vázquez v. Commercial Union Ins. Co.*, 417 F. Supp. 2d 227, 233 (D.P.R. 2006) (citing *Spielman v. Genzyme Corp.*, 251 F3d 1 (1st Cir. 2001)). Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a complaint under Rule 12(b)(1), courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (alteration in original) (citation and internal quotation marks omitted). A

---

[2] The Court also denied without prejudice plaintiff's first motion for summary judgment and allowed refiling within 14 days upon conclusion of jurisdictional discovery. **ECF No. 12**.

complaint, so construed, must be dismissed under Rule 12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, however, the Court is not limited to the parties' pleadings and may also "consider whatever evidence has been submitted, such as . . . depositions and exhibits." *McCulloch v. Malavé-Velez*, 380 F. Supp. 2d 46, 49 (D.P.R. 2005) (citing *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).

### III. Analysis

Since subject matter jurisdiction in this case is premised on diversity of citizenship under 28 U.S.C. § 1332, the Court must determine whether there is complete diversity of citizenship between the parties. *Casas Office Machines v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994) (citations omitted). Without complete diversity, federal subject matter jurisdiction does not exist. *Id.*; *see also Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005).

The First Circuit has clearly stated that citizenship of a limited liability company or LLC is "determined by the citizenship of all of its members." *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). On the other hand, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Notably, with regard to a corporation, diversity must be satisfied both at its principal place of business and its place of

incorporation. *ACCO Brands USA LLC v. Piñeyro y Lara Comercial S.A.*, 27 F. Supp.3d 256, 260 (D.P.R. 2014).

Faced with a plethora of decisions regarding what is a corporation's "principal place of business", the Supreme Court held that it

> is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). As the First Circuit points out, "[a]t its heart, the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled." *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016). The Supreme Court recognized that the nerve test may prove challenging "in this era of telecommuting, [when] some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." Even so, the Court asserted that the test "points courts in a single direction, toward the center of overall direction, control, and coordination." *Hertz Corp.*, 559 U.S. at 95-96.

It is well settled that once jurisdictional allegations are challenged, "the party seeking to establish diversity jurisdiction bears the burden of persuasion, and parties must support their jurisdictional allegations with 'competent proof.'" *Harrison*, 811 F.3d at 40-41 (citing *Hertz Corp.*, 559 U.S. at 96-97); *see also Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013)

(holding that when a defendant moves to dismiss for lack of federal subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence"). There is no presumption of truthfulness attached to the jurisdictional allegations. *Del Rosario-Ortega v. Star-Kist Caribe, Inc.*, 130 F. Supp. 2d 277, 280 (D.P.R. 2001). "Although the Supreme Court did not go into depth about the exact quantum of proof required to meet the burden of persuasion, it made it clear that run-of-the-mill corporate filings -- like a Form 10-K -- are not enough on their own to satisfy it." *Id*. This seeks to avoid jurisdictional manipulation. Regarding this matter, the Court noted that "if the record reveals attempts at manipulation--for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat--the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." *Hertz Corp.*, 559 U.S. at 97.

In its motion to dismiss, defendant argues that plaintiff fails to assert diversity jurisdiction in this case. Specifically, defendant notes that although plaintiff's sole member, Condado 3, Inc. was incorporated in Delaware, the assertion that its purported principal place of business is in Minnesota "is a contrivance designed to manufacture diversity jurisdiction for a company that, in reality, exists and operates in Puerto Rico." **ECF No. 16** at 5. Albeit defendant does not provide any evidence to support such contention, the burden of persuasion in determining whether diversity exists ultimately falls on plaintiff. Especially when the record is lacking competent evidence for this Court to decide whether jurisdiction in fact exists.

To support its proposition that diversity exists in this case, plaintiff submits an unsworn declaration by John M. Himmelberg, resident of New York and Corporate Secretary of Midwest Servicing, Inc., a servicer for Condado 3 CFL, LLC; the limited liability company agreement for Condado 3 CFL, LLC, and Condado 3, Inc.; a document evidencing Condado 3, Inc.'s corporate registration status in the state of Delaware; and the results of a search in Puerto Rico's Department of State Corporation Registry for "condado 3 cfl, llc". *See* **ECF No. 25-2, 25-3**. The evidence submitted at **ECF No. 25** shows that plaintiff is a limited liability company with its principal place of business in Edina, Minnesota. **ECF No. 25-2**. Condado 3, Inc. is plaintiff's sole member. *Id*. Condado 3, Inc. is also a Delaware corporation, registered on November 4, 2015, with its "principal place of business" in Minnesota. *Id.* Plaintiff proffers that it is not incorporated or registered to do business in Puerto Rico, that it does not own or lease properties in Puerto Rico, and does not have employees, executives, directors or officers in Puerto Rico. **ECF No. 25, 25-2, 25-4**.

Additionally, plaintiff alleges that its nerve center is located where its sole member, Condado 3, Inc., conducts its business, and that the center of direction, control and coordination of its sole member is in Minnesota, where the "main decision maker" resides. **ECF No. 25** at 3. However, there is no "competent proof" regarding these allegations. As discussed above, even considering that nowadays technology allows business to operate remotely, a party asserting diversity jurisdiction must submit competent proof of its place of business and where decisions are made.

As to what constitutes "competent proof", this Court held that standard corporate filings are insufficient on their own to be considered competent proof of a plaintiff's principal place of business. *Condado 2 CLF, LLC v. R.R. Enters., S.E.*, No. 17-1994, 2018 U.S. Dist. LEXIS 76156, *6 (D.P.R. May 4, 2018). A "blanket statement" by a company representative that its "corporate officers are located in Minnesota and that the decision-making and directional activity for the corporation occurs there is similarly insufficient." *Id*. Likewise, a sheer statement asserting that the plaintiff's members are not of the same citizenship as defendant fails to meet plaintiff's burden to show complete diversity. *See D.B. Zwirn Spec. Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011).

The First Circuit held that "when a corporation is called upon to establish its own citizenship -- particularly, as in this case, a corporate plaintiff which has chosen to initiate the litigation under the federal courts' diversity jurisdiction -- the imposition is hardly overwhelming because information concerning 'the relevant factors regarding its principal place of business normally is available to it through its own corporate records.'" *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1237 (1st Cir. 1991) (citing Wright & Cooper, Federal Practice & Procedure § 3625, at 641 (1984). In a similar vein, this Court noted "[w]herever Plaintiff's principal place of business exists, Plaintiff should be able to present evidence showing details about the location of managers and corporate personnel in charge of daily operations, directors' meetings, bank accounts, where major policy decisions are made, as well as the operations themselves." *Condado 2 CLF, LLC*, 2018 U.S. Dist. LEXIS 76156, *6.

Here, there is no allegation much less any evidence showing where Condado 3, Inc.'s principal place of business really is, namely, where the direction and control of the operations and the decision making takes place. Plaintiff's assertions on this point are simply insufficient to show what this Court needs to ascertain it has jurisdiction over the instant claims. The unsworn statement, which is signed by a New York resident employed by plaintiff's servicer - not a company representative or officer, or the "main decision maker" -, fails to provide the necessary proof, and plaintiff offers no additional evidence despite being granted the opportunity to conduct discovery on this issue. Moreover, the only mention of Condado 3, Inc. in the unsworn statement submitted by plaintiff provides as follows: "Condado 3, inc. is a Delaware corporation with a principal place of business in Minnesota. Condado is in good standing under the laws of the state of Delaware." **ECF No. 25-2**. This is clearly a blanket statement insufficient to show its place of business as required for purposes of establishing diversity jurisdiction.

Case law is clear that the mere mention of where the place of business is purportedly located without more is insufficient to establish plaintiff's citizenship, thus plaintiff has not met the burden of persuasion required to establish diversity. Consequently, defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.

## IV. Conclusion

For the above stated reasons, defendant's motion to dismiss for lack of jurisdiction is **GRANTED**, and plaintiff's claims are **DISMISSED without prejudice**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February, 2020.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**