# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CONDADO 3 CFL, LLC,**

**Plaintiff,**

v.

**CENTRO DE DESARROLLO Y SERVICIOS ESPECIALIZADOS,**

**Defendant.**

Civil No. 18-1211 (ADC)

## OPINION AND ORDER

Pending before the Court is Plaintiff Condado 3 CFL, LLC's ("plaintiff") motion to set aside judgment under Fed. R. Civ. P. 60(b). **ECF No. 46.**[1] Defendant Centro de Desarrollo y Servicios Especializados ("defendant") opposed. **ECF No. 52**. For the following reasons, plaintiff's motion to set aside the judgment is **DENIED**.

### I.   Background

This Court summarized the case's procedural background in its February 10, 2020 Opinion and Order. *See* **ECF No. 43**. In summary, plaintiff filed the instant suit against defendant seeking foreclosure and collection of monies, and defendant timely answered the complaint alleging among others, lack of jurisdiction. **ECF Nos. 1, 4**. Plaintiff later filed a motion requesting summary judgment, and in response, defendant moved for jurisdictional discovery arguing that there was a likelihood that diversity was lacking. **ECF Nos. 5**, **6**. The parties engaged in limited

---

[1] For reasons unbeknownst to the Court, plaintiff refiled the motion to set aside judgment on June 9, 2020, and defendant refiled its opposition. **ECF Nos. 53, 56**. In light of this Opinion and Order, the motion at **ECF No. 53** is MOOT.

jurisdictional discovery, after which plaintiff filed a renewed motion for summary judgment. **ECF No. 15**. A few days later, plaintiff filed two motions to dismiss, one for lack of jurisdiction and another for lack of indispensable party. **ECF Nos. 16, 17**. Both parties filed their respective oppositions to the pending motions. **ECF Nos. 24, 25, 29, 30, 37, 40, 41**.

On February 10, 2020, this Court granted defendant's motion to dismiss for lack of jurisdiction, upon concluding that plaintiff had not met the burden of persuasion required to establish diversity. **ECF No**. **43**. On February 24, 2020, plaintiff filed the instant motion, moving to set aside the judgment pursuant to Rule 60(b)(3) and (6). **ECF No. 46**. Defendant opposed. **ECF No. 52**.

**II.     Standard of Review**

Rule 60 of the Federal Rules of Civil Procedure, allows courts to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is well settled that "relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Giroux v. Fannie Mae*, 810 F.3d 103, 106 (1st Cir. 2016) (citing *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Rule 60 is divided into six subsections that provide "a particular basis for relief from judgment." *Id*. (citations omitted). Two are at issue here.

Rule 60(b)(3) provides relief from a judgment where a litigant can demonstrate "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Giroux*, 810 F.3d at 106 (citing Fed. R. Civ. P. 60(b)(3)). The moving party must

first prove "by clear and convincing evidence" that the fraud or misrepresentation occurred and then "show that the misconduct foreclosed full and fair preparation or presentation of [her] case." *Id.* at 108 (citations omitted).

Rule 60(b)(6) is a "catch-all provision" that "authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.'" *Giroux*, 810 F.3d at 108 (citing *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010)). The Supreme Court has interpreted Rule 60(b)(6)'s "any other reason justifying relief" language as requiring a showing of "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 42 (1st Cir. 2015) (citing *Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 67 (1st Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Case law is clear that "Rule 60(b) motions should not be granted unless the party seeking relief can show (1) that the motion was timely, (2) that exceptional circumstances justifying relief exist, (3) that the other party would not be unfairly prejudiced, and (4) that there is a potentially meritorious claim or defense." *Roosevelt REO PR II Corp. v. Llano-Jiménez*, 765 Fed. Appx. 459, 461 (1st Cir. 2019) (citing *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992); *see also Bouret-Echevarría*, 784 F.3d at 42. This subdivision imposes a high threshold to balance the interests in the "finality of judgments with the need to examine possible flaws in the judgments." *Bouret-Echevarría,* 784 F.3d at 42.

### III.   Analysis

Plaintiff seeks relief from judgment under Rule 60(b)(3) and (b)(6). As to the former, plaintiff contends that defendant's argument that plaintiff did not properly respond to its jurisdictional discovery requests constitutes "misrepresentation" to this Court pursuant to Rule 60(b)(3), warranting reversal of the judgment. **ECF No. 46** at 1-2. This is not, however, the kind of misrepresentation Rule 60(b)(3) seeks to correct. Plaintiff has not shown that defendant's actions disallowed it from mounting an opposition to defendant's motion to dismiss. In fact, plaintiff could have opted to submit its responses to defendant's discovery requests to rebut defendant's allegations on this issue or make any relevant arguments when opposing defendant's motion to dismiss. Instead, defendant chose not to submit any of the documentary evidence they now submit at this late stage. Therefore, defendant's alleged "misrepresentations" simply did not prevent plaintiff from timely and adequately pursuing its arguments. Consequently, plaintiff is not entitled to relief from judgment under Rule 60(b)(3).

Plaintiff also fails to show that exceptional circumstances exist warranting relief from judgment under Rule 60(b)(6). Via the instant motion, plaintiff essentially rehashes the arguments set forth in its opposition to the motion to dismiss and already rejected by this Court. *See Giroux*, 810 F.3d at 108; *see also Fontanillas-López v. Bauzá Cartagena*, 832 F.3d 50, 63-64 (1st Cir. 2016) (denying relief under Rule 60(b)(6) where party rehashed "arguments from her opposition to the motion for summary judgment", and submitted "theories that could have been set forth for the court's consideration a[t] that procedural juncture.") Plaintiff certainly "may not use Rule

60(b) as a substitute for a timely appeal." *Giroux*, 810 F.3d at 108 (citations omitted). This case simply does not meet the high threshold required by Rule 60(b)(6) which outweighs the interest in the finality of judgments.

Additionally, this Court reiterates that case law regarding the burden of persuasion to establish diversity,which is clear: "[o]nce jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof," and "[n]o presumption of truthfulness attaches to the allegations." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Media Duplication Serv., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991); *Hernández v. Amgen Mfg.*, 979 F. Supp. 2d 239, 244 (D.P.R. 2013); *Del Rosario-Ortega v. Star-Kist Caribe, Inc.*, 130 F. Supp. 2d 277, 280 (D.P.R. 2001); *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016); *BMJ Foods P.R., Inc. v. Metromedia Steakhouses Co., L.P.*, 562 F. Supp. 2d 229, 232 (D.P.R. 2008). Additionally, the burden of persuasion for establishing diversity jurisdiction always remains on the party asserting it, that is, plaintiff in this case. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)); *see also Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013).

In opposition to defendant's motion to dismiss, plaintiff alleged that its nerve center is located where its sole member, Condado 3, Inc., conducts its business, and that the center of direction, control and coordination of its sole member is in Minnesota, where the "main decision maker" resides. **ECF No. 25** at 3. However, at that time, plaintiff did not provide "competent proof" regarding these allegations. Instead, to support its proposition that diversity existed in

this case, plaintiff submitted an unsworn declaration by John M. Himmelberg, resident of New York and Corporate Secretary of Midwest Servicing, Inc., a servicer for Condado 3 CFL, LLC; the limited liability company agreement for Condado 3 CFL, LLC, and Condado 3, Inc.; a document evidencing Condado 3, Inc.'s corporate registration status in the state of Delaware; and the results of a search in Puerto Rico's Department of State Corporation Registry for "condado 3 cfl, llc". *See* **ECF No. 25-2, 25-3**.[2]

Courts have consistently held, however, that standard corporate filings are insufficient on their own to be considered competent proof of a plaintiff's principal place of business. *Condado 2 CLF, LLC v. R.R. Enters., S.E.*, No. 17-1994, 2018 U.S. Dist. LEXIS 76156, *6 (D.P.R. May 4, 2018). Similarly, this Court recently held that a generalized and "blanket" unsworn statement by a company representative and the company's by-laws are "insufficient, on their own, to be considered 'competent proof' of Plaintiff's principal place of business. *Id.* at *7 (citing *Hertz Corp.*, 559 U.S. at 96-97). Likewise, a sheer statement asserting that plaintiff's members are not of the same citizenship as defendant fails to meet plaintiff's burden to show complete diversity. *See D.B. Zwirn Spec. Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011).

Simply put, plaintiff's opposition and supporting documents lacked "factual allegations bearing on the array of factors typically considered in determining a corporation's principal

---

[2] The evidence submitted at **ECF No. 25** showed that plaintiff is a limited liability company with its principal place of business in Edina, Minnesota; and that Condado 3, Inc., a Delaware corporation, registered on November 4, 2015, with its "principal place of business" in Minnesota. **ECF No. 25-2**. *Id*. Condado 3, Inc. is also *Id.* Plaintiff also proffered that it is not incorporated or registered to do business in Puerto Rico, that it does not own or lease properties in Puerto Rico, and does not have employees, executives, directors or officers in Puerto Rico. **ECF No. 25, 25-2, 25-4**.

place of business, e.g.: location of directors' meetings and where major policy decisions are made; location of managers and other corporate personnel who direct daily operations; location of the operations themselves; location from which corporate income tax is filed; location of bank accounts." *Condado 2 CLF, LLC v. R.R. Enters.*, S.E., 2018 U.S. Dist. LEXIS 76156 at *7-8 (citing *Media Duplication*, 928 F.2d at 1237).

The First Circuit has noted that "when a corporation is called upon to establish its own citizenship -- particularly, as in this case, a corporate plaintiff which has chosen to initiate the litigation under the federal courts' diversity jurisdiction -- the imposition is hardly overwhelming because information concerning 'the relevant factors regarding its principal place of business normally is available to it through its own corporate records.'" *Media Duplication Services*, 928 F.2d at 1237 (citing Wright & Cooper, Federal Practice & Procedure § 3625, at 641 (1984). In a similar vein, this Court noted "[w]herever Plaintiff's principal place of business exists, Plaintiff should be able to present evidence showing details about the location of managers and corporate personnel in charge of daily operations, directors' meetings, bank accounts, where major policy decisions are made, as well as the operations themselves." *Condado 2 CLF, LLC*, 2018 U.S. Dist. LEXIS 76156, *6.

The unsworn statement, which is signed by a New York resident employed by plaintiff's servicer - not a company representative or officer, or the "main decision maker" -, fails to provide the necessary proof or factual allegations, and plaintiff offered no additional evidence despite being granted the opportunity to conduct discovery on this issue. Curiously enough,

plaintiff now submits a plethora of documentary evidence that was undoubtedly in its possession when it filed the opposition to the motion to dismiss. A Rule 60(b) motion is certainly not the appropriate mechanism to supplement their opposition to defendant's motion to dismiss in a belated attempt to salvage its claims. Luckily, plaintiff is not entirely deprived of any remedies, since its claims were dismissed without prejudice. Plaintiff would be remiss to move forward in the future in these kind of cases without properly showing the existence of diversity through competent proof.

### IV. Conclusion

For the above stated reasons, plaintiff's motion to set aside the judgment is **DENIED. ECF No. 46.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of November 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**